IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES CHARLESTON, | : | |
|     Plaintiff, | : | |
| v. | : | CA 2:12-00183-KD-C |
| STEVE B. HORSLEY and J.B. HUNT TRANSPORT, INC., | : | |
|     Defendants. | : | |

## REPORT AND RECOMMENDATION

This matter is before the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(B), on the plaintiff's motion to remand this matter to state court (Doc. 5), filed June 21, 2012; Defendant J.B. Hunt's response (Doc. 7), filed July 9, 2012; and the plaintiff's reply (Doc. 8), filed July 16, 2012. After careful consideration of the parties' briefing and the pleadings, and for the reasons discussed below, it is **RECOMMENDED** that the motion be **GRANTED** and that this matter be **REMANDED** to the Circuit Court of Marengo County, Alabama.

## Background

The plaintiff filed his complaint, which fails to specify an amount of damages, on January 12, 2012. (*See* Doc. 5-1, complaint; Doc. 1, notice of removal, ¶ 7.) In an attempt to ascertain the damages sought and, more likely, determine whether this matter was removable to federal court, Defendant J.B. Hunt served four requests for admissions:

    1.    Admit that the Plaintiff is not seeking in excess of $75,000.00 for his damages in this case;

    2.    Admit that the Plaintiff will not request the jury to return a verdict in excess of $75,000 in this case;

    3.    Admit that the Plaintiff will not attempt to execute on any judgment or verdict in this case to the extent that the judgment or verdict exceeds $75,000;

    4.    Admit that the Plaintiff's maximum recovery in this case will not exceed $75,000.

On March 6, 2012, the plaintiff responded to each request the same way: with a denial, stated after objecting to each request, stating the objections, and setting forth why the plaintiff could not admit or deny each request. (*See* Doc. 5-2.) The notice of removal was filed on March 13, 2012, one week after receipt of the plaintiff's responses. The motion to remand, filed more than three months after this case was removed to federal court, is nonetheless proper because the plaintiff is challenging the jurisdiction of this Court. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## Discussion

    1.    <u>The Removal Inquiry.</u>

"Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court[,]" *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996) (citing 28 U.S.C. § 1441(a)), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000), **or** "become[s] removable[,]" 28 U.S.C. § 1446(b)(3); *see Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 n.4 (11th Cir. 2010) (noting that cases that "initially [do] not satisfy federal

jurisdictional requirements [can] become[] removable because the nature of the dispute changes").

A federal court may exercise diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). Nevertheless, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly . . . . Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *cf. D.M.C. Enters. Inc. v. Best McAllister, LLC*, Civil Action No. 10-00153-CB-N, 2010 WL 3039477, at *2 (S.D. Ala. Aug. 4, 2010) ("Because it is conferred by statute, the right of removal is strictly construed to limit federal jurisdiction.") (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

Therefore, J.B. Hunt, as the removing defendant,[1] must establish the propriety of removal under §§ 1441 and 1446 and, for that reason, "bears the burden of establishing the existence of federal jurisdiction." *Brown v. Kabco Builders, Inc.*, Civil Action 07-0099-WS-C, 2007 WL 841690, at *1 (S.D. Ala. Mar. 15, 2007) (citing *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002)). J.B. Hunt's burden is to prove both complete diversity—that is, the plaintiff is diverse from every defendant, *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citation omitted)—and that the amount in controversy more likely than not exceeds the $75,000 jurisdictional minimum. *See Fitzgerald v. Besam Automated Entrance Sys.*, 282 F. Supp. 2d 1309, 1314 (S.D. Ala. 2003). Because J.B. Hunt has made a satisfactory showing (*see* Doc. 1, ¶¶

---

[1] The notice of removal provides that Defendant Horsley was not served prior to this matter being removed. (*See* Doc. 1, ¶ 4.)

2-4), which the plaintiff does not contest (*see generally* Docs. 5 & 8), that complete diversity exists, *see Triggs*, 154 F.3d at 1287, this Court need only address whether the amount in controversy is satisfied.

As alluded to above, Congress, through § 1446(b), has established a "bifurcated removal approach," *Lee v. Lilly Trucking of Va., Inc.*, No. 2:12–cv–74–MEF, 2012 WL 960989, at *1 (M.D. Ala. Mar. 21, 2012), under which

> a state court defendant may remove a case to federal court at two procedurally distinct moments in time.  First, if it is facially apparent from the initial pleading that subject matter jurisdiction exists, § 1446(b)(1) provides the procedure for removal.  *See, e.g., Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).  Such a removal must be accomplished "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action is based . . . ."  § 1446(b)(1).[2]  However, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ."  § 1446(b)(3); *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007).[3]

*Id.* (footnotes added).

---

[2] "In § 1446(b) first-paragraph cases, the removing defendant may present additional evidence—business records and affidavits, for instance—to satisfy its jurisdictional burden."  *Roe*, 613 F.3d at 1061 n.4 (citing *Pretka*, 608 F.3d at 753–54).

[3] There are two types of cases governed by this, the statute's second, paragraph:

> The first type of second-paragraph case (Type 1) is one that initially could have been removed had the parties possessed the relevant jurisdictional information, but, because the removability was not initially ascertainable, the defendant could not carry its jurisdictional burden until a later time.  The second type of second-paragraph case (Type 2) is one that originally could not have been removed because it initially did not satisfy federal jurisdictional requirements, but that later becomes removable because the nature of the dispute changes.  Thus, whereas Type 1 cases have always been removable but the removability was not initially ascertainable, Type 2 cases shift from nonremovable to removable in nature.

*Roe*, 613 F.3d at 1061 n.4.

The requisite amount in controversy showing "turns on which provision of [§ 1446(b)] applies to a particular case[.]"   *Newton v. BP P.L.C.*, No. CA 1:12–00205–KD–C, 2012 WL 2417335, at *2 n.4 (S.D. Ala. June 8, 2012), *report & recommendation adopted*, 2012 WL 2401791 (S.D. Ala. June 26, 2012) (citations omitted); *see also Rola v. Wal–Mart Stores, Inc.*, No. 6:11–cv–468–Orl–28DAB, 2011 WL 3156672, at *5–6 (M.D. Fla. June 29, 2011) (same) (citing *Roe*, 613 F.3d at 1061 n.4), *report & recommendation adopted*, 2011 WL 3111965 (M.D. Fla. July 26, 2011); *cf. Wilson v. Chester Bross Constr. Co.*, No. CA 11–0020–KD–C, 2011 WL 1380052, at *12 (S.D. Ala. Apr. 12, 2011) (DuBose, J.) ("[T]he first paragraph of § 1446(b) provides a much wider entry into federal court than does the second paragraph of that section.") (citing *Pretka*, 608 F.3d at 760).

Here, the state-court complaint (Doc. 5-1), filed January 12, 2012, does not specify an amount of damages, and this matter was not removed to federal court until March 13, 2012 (*see* Doc. 1), which is less than one year after this matter was filed in state court and one week after J.B. Hunt received the plaintiff's responses to its requests for admissions (*see* Doc. 1-2); responses that J.B. Hunt contends are "other paper" that "indicat[e] the amount in controversy exceed[s] $75,000.00," the jurisdictional minimum.  (Doc. 1, ¶ 9.)  Accordingly, this is a second-paragraph Type 1 case, and the Court must follow "the analysis set forth in *Lowery*[.]"   *Rola*, 2011 WL 3156672, at *6 (citing *Wilson*, 2011 WL 1380052, at *14; *see also Brown v. Tanner Med. Ctr.*, No. 3:10–cv–316–TFM, 2010 WL 3328500, at *3 (M.D. Ala. Aug. 23, 2010) ("As this is a second-paragraph Type 1 case, the case is still governed by the analysis outlined in *Lowery*[.]"); *Jackson v. Litton Loan Servicing, L.P.*, No. 3:09–cv–1165–MEF, 2010 WL 3168117, *4 (M.D. Ala. Aug. 10, 2010) ("Until the Eleventh Circuit changes the rule set forth in *Lowery*, this Court will continue to apply it when considering a notice of

removal under the second paragraph of § 1446(b)."); *Wilson*, 2011 WL 1380052, at *14 n.9 ("Although courts have been critical of *Lowery*, until the Eleventh Circuit wholly revamps *Lowery* this Court must continue to insert a square peg into a round hole.") (citations omitted).

Under *Lowery*, "where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." 483 F.3d at 1208; *see id.* at 1211 ("If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate."); *see also SUA Ins. Co. v. Classic Home Builders*, LLC, 751 F. Supp. 2d 1245, 1250 (S.D. Ala. 2010) ("*Lowery* effectively requires that a second-paragraph removal be based on a document that cannot reasonably be construed other than as reflecting that more than $75,000 is in controversy."). While the court in *Lowery* further stated that "in assessing the propriety of removal, the court considers the documents received by the defendant from the plaintiff—be it the initial complaint or a later received paper—and determines whether that document and the notice of removal **unambiguously establish** federal jurisdiction[,]" *id.* at 1213 (emphasis added), a standard that seems to impose "a different and more rigorous burden than the preponderance of the evidence burden of *Tapscott*[,]" *Exum v. State Farm Fire & Cas. Co.*, 821 F. Supp. 2d 1285, 1291 (M.D. Ala. 2011); *SUA*, 751 F. Supp. 2d at 1250 ("*Lowery*'s 'unambiguously establish' standard necessarily is more exacting than a preponderance of the evidence standard, and both of them cannot simultaneously apply"), the court in *Exum* determined, and the undersigned agrees, "that *Tapscott*'s preponderance of the evidence burden applies to a

6

court's substantive jurisdictional inquiry and that *Lowery*'s unambiguously establish burden replaces *Tapscott*'s burden when a plaintiff challenges the procedural propriety of a removal under the second paragraph of § 1446(b) by **timely** moving to remand under § 1447(c)[,]" *id.* at 1292 (emphasis added).⁴  Because the motion to remand was filed more than thirty days after this case was removed to federal court, this Court's inquiry is limited to whether it has jurisdiction, *see* § 1447(c), and the defendant's burden here is to show by a preponderance of the evidence that the jurisdictional minimum has been met.⁵

---

⁴       The court's discussion of this issue in *Exum* is extensive, *see id.* at 1291-93, but the easiest way to understand when these different burdens apply in second-paragraph removal cases may be

> to focus on whether the plaintiff is entitled to the protections of § 1446(b).  In other words, when the plaintiff complies with § 1447(c) by filing a timely motion to remand, the plaintiff is then entitled to argue that the removal is defective under § 1446(b), which includes application of the *Lowery* burden of proof instead of the *Tapscott* burden of proof.  However, when a plaintiff untimely moves to remand, the law is clear that the court shall consider only whether subject matter jurisdiction exists at all, which, in the context of assessing the removal of a complaint containing a demand for unliquidated damages, is governed by a preponderance of the evidence standard.

*Id.* at 1293 (footnotes and citations omitted).

⁵       For example, in this Court's decision in *Wilson*, in announcing that the "unambiguously establish" standard applies, the Court focused on language in *Lowery* regarding the timely removal of the case there.  *See Wilson*, 2011 WL 1380052, at *14 ("[I]n assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff—be it the initial complaint or a later received paper—and determines whether that document and the notice of removal unambiguously establish federal jurisdiction.  ***This inquiry is at the heart of a case, such as the one before us, in which the plaintiffs challenge removal by filing a timely motion to remand under § 1447(c).***  In assessing whether removal was proper ***in such a case***, the district court has before it only the limited universe of evidence available when the motion is filed—i.e., the notice of removal and accompanying documents.") (quoting *Lowery*, 483 F.3d at 1213-14) (emphasis added).

>    2.   The "other paper" received from the plaintiff—denials to requests for admissions—does not establish, by a preponderance of the evidence, the <u>requisite amount in controversy.</u>

The parties have pitched this as a battle between two Middle District of Alabama decisions.   The plaintiffs rely on *Harmon v. Wal-Mart Stores, Inc.*, No. 3:08–cv–309–MEF, 2009 WL 707403 (M.D. Ala. Mar. 16, 2009).   No motion to remand was filed in *Harmon*. Thus, like here, the only issue before the court, which it raised *sua sponte*, was whether it had jurisdiction.   There, Judge Fuller found that a plaintiff's

> denial of the six questions propounded by Defendant serves not to establish that an amount in excess of $75,000 is in dispute, but rather that Plaintiff is not willing to concede the issue and that an amount in excess of $75,000 is in dispute is itself in dispute.   ***Refusal to concede is not a statement of fact and cannot support jurisdiction***.
>
> Therefore, while [the denials are] a proper item for consideration and [were] received from Plaintiff, [they] do not provide the clear and unambiguous statement required to establish subject matter jurisdiction over this action.   Defendant has therefore not met its burden of proving facts by a ***preponderance*** of the evidence that establish jurisdiction.

*Id.* at *4 (footnote omitted and emphasis added).

The removing defendant does not address the holding of *Harmon* head on, but instead points the Court to *Williams v. Wal-Mart Stores, Inc.*, 534 F. Supp. 2d 1239 (M.D. Ala. 2008).   In *Williams*, the real issue was whether the defendant's notice of removal was timely.   *See id.* at 1244-45 (concluding, "[b]ecause the date Wal-Mart removed this case to federal court (December 20, 2007) is within 30 days of the date it received the admission responses and ascertained for the first time the amount in controversy (November 21, 2007), its notice of removal was timely under § 1446(b)[]").   But that decision, along with others, can certainly be read to at least imply that denials of requests for admissions (as to the amount in controversy) are "other paper" received from a plaintiff indicating for the first time that a case is removable because the

requisite amount in controversy is met. *See id.* at 1444 ("Here, the admission responses constituted 'other paper' within the meaning of § 1446(b), *see* [*Lowery*, 483 F.3d] at 1212 n.62 ('Courts have not articulated a single test for identifying "other paper," but numerous types of documents have been held to qualify. They include: responses to request for admissions.'); the responses were received from Williams; and Wal-Mart's receipt of the responses was the 'first time' it had 'unambiguous' evidence that the jurisdictional amount was met."); *see also Swicord v. Wal-Mart Stores, Inc.*, No. 5:09–CV–148 (HL), 2009 WL 3063432, at *2-3 (M.D. Ga. Sept. 22, 2009) (relying on *Robinson v. GE Capital Mortgage Services*, 945 F. Supp. 1516 (M.D. Ala. 1996), "a case with facts nearly identical to th[at] case, [to hold] that the defendants could ascertain that the case was removable upon receipt of the plaintiff's **denials** of the defendants' requests for admission") (citing *Robinson*, 945 F. Supp. at 1518) (emphasis added)[6]; *Golden Apple Mgmt. Co., Inc. v. GEAC Computers, Inc.*, 990 F. Supp. 1364, 1366 (M.D. Ala. 1998) ("agree[ing] . . . that plaintiff's responses denying the requests for admission that the full measure of plaintiff's damages in this action is $75,000 or less and that plaintiff cannot recover more than $75,000 in compensatory and/or punitive damages is "other paper" which advised [the defendant] that the amount in controversy satisfied the minimum requirement for diversity of citizenship jurisdiction, and that the action was,

---

[6] In *Robinson*, the court commented that it would

> not allow a trap to be set by a plaintiff filing a complaint in state court claiming an unspecified amount of damages and then objecting to a removal as being untimely when a defendant removes within 30 days after ascertaining that the claim actually exceeds the jurisdictional amount. A plaintiff can readily avoid a delay in removal by simply specifying in the complaint that the amount claimed against a diverse defendant exceeds the amount in controversy necessary for federal jurisdiction.

*Id.* at 1518.

therefore, removable[,]" but noting that the "issue in th[at] action" was whether the defendant had "knowledge of removability of the action prior to receipt of plaintiff's response to the request for admission") (citing *Robinson*); *Moses v. Allstate Indem. Co.*, Civil Action No. 3:06cv154-WHA, 2006 WL 1361131, at *2 (M.D. Ala. May 17, 2006) ("Based on the reasoning in *Robinson*, the court concludes that the removal in this case was timely because it was not until the Defendants received the denial of the Request for Admission that they knew that the requisite amount was in controversy in this case.").

The courts in *Robinson*, *Golden Apple*, *Moses*, *Swicord*, and *Williams* were chiefly concerned with the timeliness of removal.[7]   And while those courts found that denials of requests for admissions were "other paper" from which a defendant can ascertain that a lawsuit is removable—thus, the notices of removal filed 30 days after the defendants' receipt of those denials were timely—those courts did not analyze what a denial of an admission means. A separate string of decisions, which includes *Harmon*, however, has more fully analyzed the effect of a denial of a request for admission. Similar to the strategy employed by the defendant here, in *Harmon*,

> Defendant attempted to establish facts "received from the plaintiff" sufficient to support jurisdiction by requesting admissions to six questions about the amount in controversy framed in the negative, such as "you do not claim in excess of $75,000.00 as total damages in this case" and "you will not seek over $75,000.00 as total dam-ages in this case." Plaintiff responded to each of these inquiries with a simple "Deny." Defendant's apparent hope is that the negativity of the denial would, as a matter of logic, cancel the negatives in the questions, yielding an admission of the positive opposite of the negative propounded statements. (i.e., Defendant argues that if Plaintiff denies that she does not claim in excess of $75,000,

---

[7]   Moreover, while the court in *Williams* relied heavily on *Lowery*, the decisions in *Robinson*, *Golden Apple*, and *Moses* all pre-date *Lowery*, which, for good or bad, has had a fundamental effect on removal jurisdiction in this Circuit.

>  she must claim in excess of $75,000 because one or the other must be true—the choice is binary).  Or, stated generically, Defendant sought to prove the positive by eliciting a denial of the negative.

*Id.* at *3.

The court in *Harmon* next noted that, the world of formal logic notwithstanding, a defendant "cannot create an end-run around the jurisdictional requirements by forcing a denial of a negative and then claim the positive is admitted and conclusively determined" because "the effect of a denial is not to admit the opposite of the proposition offered for admission, but rather is simply to establish that the matter is in dispute."  *Id.* at *4[8]; *see also Whittington v. Watkins*, No. CA 09-0772-KD-C, 2010 WL 1141427, at *5 n.5 (S.D. Ala. Jan. 20, 2010) (Cassady, M.J.) ("While Conlan does point to certain of plaintiff's responses to written discovery, those responses do not, in and of themselves, establish that the amount in controversy exceeds $75,000.") (citing *Harmon*, 2009 WL 707403 at *4), *report & recommendation adopted as modified*, 2010 WL 1141434 (S.D. Ala. Mar 22, 2010) (remanding based on lack of unanimity to removal); *Jackson*, 2010 WL 3168117, at *5 (otherwise valid responses to interrogatories that failed to stipulate to an amount are not evidence that the amount in controversy exceeds $75,000)

---

[8] The court in *Harmon* cited, among other authority, the opinion of the Supreme Judicial Court of Massachusetts in *Gutierrez v. Massachusetts Bay Transportation Authority*, 772 N.E.2d 552 (Mass. 2002), in which that court held, "A denial of a request for admission is not a statement of fact; it simply indicates that the responding party is not willing to concede the issue and, as a result, the requesting party must prove the fact at trial[,]" *id.* at 567; *see also Smith v. Kindred Nursing Center Ltd. P'ship*, No. 05-02106 BV, 2005 WL 2233260, at *2 (W.D. Tenn. Sept. 13, 2005) ("the defendants' responses to the requests for admissions do not indicate that they withheld information from their initial disclosures in violation of Rule 26[; their] denials indicate that they were not willing to concede, at that time, that there were no additional witnesses or documents[, and] therefore do not necessarily indicate that the defendants were aware of such witnesses or documents either at the time of the initial disclosures or at the time of their responses"); *American Communications Telecomms., Inc. v. Commerce N. Bank*, 691 S.W.2d 44, 48 (Tex. Civ. App.—San Antonio 1985) ("When an answering party denies or refuses to make an admission of fact, such refusal is nothing more than a refusal to admit a fact. It is not evidence of any fact except the fact of refusal.") (citations omitted).

(citing *Harmon*, 2009 WL 707403 at * 4); *Brown*, 2010 WL 3328500, at *3 ("a refusal to stipulate to an amount in controversy in a discovery response does not result in an admission regarding the amount in controversy") (citing *Harmon*, 2009 WL 707403 at * 4; *Jackson*, 2010 WL 3168117, at *6); *cf. Webb v. Home Depot, USA, Inc.*, No. Civ.A. 00–A–220–N, 2000 WL 351992, at *3 (M.D. Ala. Mar. 27, 2000) (receipt of **answers to interrogatories** "tailored to the issue of damages" is "other paper" from which a defendant can ascertain that case removable); *Enterline v. Sears, Roebuck & Co.*, No. 2:08–cv–221–JES–DNF, 2008 WL 1766911, at *3 (M.D. Fla. Apr. 15, 2008) (***order deeming requests for admission regarding the amount in controversy admitted*** "was the first 'order or other paper' from which it could be ascertained that the case was removable").

The denials at issue here (Doc. 5-2) do not constitute "other paper," received from the plaintiff, that "provide the clear and unambiguous statement required to establish subject matter jurisdiction over this action. [J.B. Hunt] has therefore not met its burden of proving facts by a ***preponderance*** of the evidence that establish jurisdiction." *Harmon*, 2009 WL 707403, at *9. Put differently, "the jurisdictional amount is [n]either stated clearly on the face of the [denials, n]or readily deducible from them." *Lowery*, 483 F.3d at 1211. [9] This conclusion is, obviously, consistent with the requirement that "all doubts about jurisdiction should be resolved in favor of remand to state court." *University of S. Ala.*, 168 F.3d at 411.

---

[9] The undersigned does note that, in a pre-*Lowery* decision, *Moore v. Allstate Indemnity Co.*, Civil Action No. 06-0412-WS-B, 2006 WL 2730743 (S.D. Ala. Sept. 22, 2006), Judge Steele remarked that, under the "exacting [legal certainty] standard, a refusal to stipulate [there, to requests for admissions] may well be of limited or no significance. But when, . . . the amount demanded is indeterminate, and the defendant's burden of proof consequently only that of preponderance of the evidence, a refusal to stipulate is of more substantive import." *Id.* at *3 n.2.

## Conclusion

After careful consideration of the parties' briefing, the pleadings, and the case file, and for the reason set forth above—otherwise proper denials to requests for admissions directed at determining whether amount in controversy satisfied do not unambiguously establish the requisite amount in controversy—it is **RECOMMENDED** that the motion (Doc. 5) be **GRANTED** and that this matter be **REMANDED** to the Circuit Court of Marengo County, Alabama.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 8th day of August, 2012.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.   *Objection*.   Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.   Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.   *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).   The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in S.D. Ala. L.R. 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[10] after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   *Transcript (applicable Where Proceedings Tape Recorded)*.   Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.   Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[10]   Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"   FED. R. CIV. P. 72(b)(2).